Case:07-40698-LWD Doc#:131 Filed:02/25/10 Entered:02/25/10 16:38:48 Page 1 of 6

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 4:05 pm, Feb 25, 2010

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of: )
                                                  )        Chapter 7 Case
JEFFERY S. McDONALD )
FRANKIE SMITH McDONALD )        Number <u>07-40698</u>
                                                  )
        *Debtors*           )

## **MEMORANDUM AND ORDER**

### FINDINGS OF FACT

Debtor filed Chapter 7 on May 11, 2007. The history is summarized in this Court's Memorandum and Order entered November 19, 2009, the terms of which are incorporated herein by reference in the interest of brevity. <u>Order</u>, Dckt. No. 111. Debtor was injured in a slip and fall, after which she filed bankruptcy. In her petition, Debtor listed all of her debts as joint debts, signaling that both she and her husband were jointly liable on them. Her personal injury case was settled for $67,500. <u>Id.</u> Debtor now objects to certain claims with the hope that the settlement amount will be enough to pay all her claims and leave more funds for her to keep personally.

Debtor attacks claims numbered 2, 16, 18, and 19 (the "Opposed Claims") on the grounds that she is not an obligor on those accounts.[1] Debtor's position is that, despite

---

[1] These claims have been transferred from the original claimant, but because the transfer was not challenged by Debtor, the sufficiency of the transfer is outside the scope of my consideration.

being scheduled as joint debts, she was never liable on any of the accounts that make up the Opposed Claims. The claims were filed between September 12, 2007, and November 9, 2007. Debtors' objections were filed on September 14, 2009. Objections, Dckt. Nos. 71, 75, 76, 77. The objections, which enumerate no detailed reason for the objections, say only that Debtor "is not liable on the debt for which this claim was filed." Id. At the hearing on the objections, Debtor's counsel made it clear that Debtor contended that she was not an obligor on the accounts, and therefore the claims should be disallowed. Debtor testified that she was not an obligor on the accounts, but stated also that she had no evidence other than her testimony. Recovery Management Systems Corporation, as authorized agent for Capital Recovery I, LLC ("Creditor") challenges the sufficiency of Debtor's evidence and raises the defense of laches.

Based on the record before the court and the state of the law on the subject, I make the following conclusions of law.

## CONCLUSIONS OF LAW

### Defense of Laches

Creditor raises the defense of laches in response to Debtor's objections to the proofs of claim. "The party asserting the defense of laches has the burden of establishing the elements" of laches. 27A Am. Jur. 2d Equity § 126 (citations omitted). Generally, "[a] laches defense has two elements: (1) unreasonable delay in asserting one's rights, . . . and (2) a resulting prejudice, injury, injustice, or condition, that results from the delay to the

2

defending party." 27A Am. Jur. 2d Equity § 125 (citations omitted).

Here, a little less than two years elapsed between the filing of the proof of claim and the objection. Considering the duration of the case, and the lack of evidence on the issue of injury and unreasonable delay, I find that the doctrine of laches does not bar Debtors from objecting to the claims at this time. *See* In re Stevenson Assocs., Inc., 777 F.2d 415, 422 (8th Cir. 1985)(holding that objections to claims made two years after the claim was filed are not barred by the doctrine of laches).

Sufficiency of Debtor's Evidence

Creditor filed the Opposed Claims in compliance with Federal Rule of Bankruptcy Procedure 3001(a);[2] the proofs of claim were written statements, they set forth Creditor's claim, and they fully complied with the Official Form B10. In fact, each proof of claim has been filled out on Form B10 and submitted to the court. However, Debtor does not challenge the sufficiency of the proofs of claim. Debtor objects based on the ground that she is not liable on the underlying debts.

The Bankruptcy Code states that "[a] claim or interest . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Because the Opposed Claims were filed in compliance with Bankruptcy Rule 3001(a), this analysis must start with

---

[2] Federal Rule of Bankruptcy Procedure 3001(a) states that "[a] proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form."

the assumption that the Opposed Claims are allowed. Because "[a] properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim," any party seeking to overcome this prima facie evidence "must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005) ( quoting In re Reilly, 245 B.R. 768, 773 (2d Cir. BAP 2000); *see also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). In the instant case, in light of Creditor's allowed claims, Debtor must provide evidence to refute those claims if she wishes to have them disallowed.

Debtor's only evidence that she is not the obligor on the claims comes from her testimony at the hearing. Testimony of Frankie McDonald, November 17, 2009. However, Debtor's counsel also directed the Court's attention to the proofs of claim filed for the Opposed Claims. Claims 16, 18, and 19 list Jeffrey McDonald as the sole obligor on the account detail sheet—the sheet filed along with Form B10. However, both Debtor and Debtor's husband are listed as debtors on Official Form B10.

At first blush, it appears that Debtor has provided "evidence, which if believed, would refute" Creditor's contentions. Carey v. Ernst, 333 B.R. at 672. However, the evidence must be more than just believable, the "party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the prima facie validity of a proof of claim. This evidence must be of a probative force equal to that of the creditor's

4

proof of claim." In re Hinkley, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986) (citing In re Multiponics, 622 F.2d 709, 714 (5th Cir.1980); In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985)). Here, Debtor has declared, in a signed and sworn statement in her bankruptcy schedules, under penalty of perjury that the debts were joint debts. She attempts to refute that evidence with her own oral testimony that she was not an obligor on the debts. Confronted with contradictory evidence from Debtor, I conclude that the oral testimony lacks probative value.

Similarly, in In re Padilla, 2006 WL 2090210, the debtors filed a joint bankruptcy and listed an American Express debt as a joint debt. American Express's proof of claim did not list the wife as an obligor. Because the proof of claim substantially complied with Bankruptcy Rule 3001, and because the wife scheduled the debt as a joint debt, the court held that the proof of claim was prima facie valid. At the hearing, the wife stated that she was not personally liable on the claim. The court noted that the adjudication was not to determine her liability on the note, but rather whether the claim would be allowed. The court ultimately held that the wife's testimony was insufficient to overcome the prima facie validity of the claim. I find this case persuasive.

In the case *sub judice*, I find that Debtor's bare assertions that she was not liable on the Opposed Claims insufficient to overcome the prima facie validity established by Creditor's proofs of claim and by Debtor's voluntary scheduling of the debt as joint debt.

☜AO 72A
(Rev. 8/82)

<u>O R D E R</u>

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that Debtors' objections are overruled, and the opposed claims are allowed for purposes of distribution.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 24th day of February, 2010.